## In re TRAVIS.

(Supreme Court, Appellate Division, Second Department.    November 13, 1903.)

1. OFFICERS—VILLAGE TRUSTEE—HOLDING OVER.
   Under Laws 1892, p. 1657, c. 681, § 5, providing that an officer shall hold over after the expiration of his term until his successor shall be chosen and qualified, but after the expiration of his term the office shall be vacant for the purpose of choosing his successor, where there is a failure, in an annual village election, to elect a trustee for a ward, a new election must be had for that purpose.

2. SAME—SPECIAL ELECTION—BY WHOM CALLED.
   Under Laws 1896, p. 115, c. 183, § 33, subd. 22, empowering trustees of a village to call all annual or special elections, where the president and trustees of the village are still in office, they, and not the village clerk, are the proper authorities to call a special election to choose a new trustee, notwithstanding section 9 (page 106), providing that, in case of a failure to elect a "president or trustees," the clerk shall call a special election.

Appeal from Special Term, Westchester County.

Motion by Jasper W. Travis for a writ of mandamus to the clerk of the village of Ossining.   From an order denying the motion, the applicant appeals.    Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Frank L. Young, for appellant.
Smith Lent, for respondent.

GOODRICH, P. J.   The applicant made a motion for a peremptory writ of mandamus commanding the village clerk of the village of Ossining, county of Westchester, to call a special election for the election of a village trustee for the First Ward.   The court denied the motion, and the applicant appeals.

The term of office of Sylvester E. McNeal as trustee expired on March 10, 1903.   On that day an election was held to elect his successor.   McNeal and Phillip H. Fleck were candidates for the office. The inspectors of election filed a certificate that McNeal had received 196 votes and Fleck 193 votes, and that they had rejected 18 ballots. The board of trustees issued a certificate of election to McNeal. Fleck applied for and obtained a writ of mandamus from Mr. Justice Maddox, requiring the 18 ballots to be produced before him, and upon the hearing the justice determined that 9 of the ballots should be counted, 3 of these 9 for McNeal and 6 for Fleck, and directed that the inspectors meet and make a corrected return.   This order was complied with in April, and a certificate filed.   As no candidate was elected, McNeal continues in office until his successor is elected, under the public officers law (chapter 681, p. 1656, Laws 1892).   Section 5 of that act (page 1657) reads as follows:

"Holding Over after Expiration of Term.   Every officer except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the Constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and

qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor. An officer so holding over for one or more entire terms, shall, for the purpose of choosing his successor, be regarded as having been newly chosen for such terms. An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only."

As there was a tie vote, there was no election of a trustee, and a vacancy in the office of village trustee had occurred. McNeal merely holds the vacant office until some person shall have been elected to succeed him. The charter requires periodic elections, and practically there has been no election. The electors should have the right to elect a trustee, and a new election must be had. The petition prays for a writ commanding the clerk to call a special election. This raises the question whether the clerk is the proper officer to perform that duty. If he is not, then the motion was properly denied. The charter of the village of Sing Sing (now Ossining, by chapter 183, p. 416, Laws 1901) is chapter 83, p. 102, of the Laws of 1896, as amended by chapter 496, p. 757, of the Laws of 1897. Section 5 (Laws 1897, p. 757) of the charter provides that the officers of the village shall consist of a president, nine trustees, a clerk, and other officers; and section 6 (Laws 1896, p. 105), together with section 18 (page 107), provides for the election of the president and trustees at an annual election on the second Tuesday of March. Section 33, subd. 22 (page 115), empowers the trustees "to call all annual or special elections." So far as appears in the record, the president and trustees are still in office, and no reason is shown why a writ should have been issued to the clerk commanding him, instead of the trustees, to issue a call for the special election. It is contended that under section 9 (page 106), where there has been a failure to elect a president or trustees, or where from any cause there are no president or trustees, the clerk shall appoint the time and place for holding a special election; but this evidently relates to cases where there is no body of officers, or person other than the clerk, who can act in such an emergency. It has no relation to a failure to elect a single trustee where the other officers are in office and have power to call a special election. It follows that the issuance of a writ to the clerk was properly denied.

The order should be affirmed, with $10 costs and disbursements. All concur.